■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GEORGE F. SCANLON, Individually and Doing Business as SLOAT AND SCANLON, Respondent. — In an action under the Martin Act (General Business Law, art. 23-A, § 353), in which a judgment was entered by consent in the Supreme Court, Kings County, on April 29, 1939, permanently restraining the defendant as a principal from engaging in the issuance, distribution or sale of stocks and other securities within the State of New York, the People appeal, as limited by the Attorney-General's brief, from so much of an order of the Supreme Court, Kings County, made and entered September 24, 1962, granting defendant's motion to make the order entered by the Court of Appeals the order of the Supreme Court (see *People* v. *Scanlon,* 11 N Y 2d 459), as fixed a date for the hearing upon the defendant's prior application to modify the judgment and as directed that such hearing be held " before the undersigned Justice of the Supreme Court ". Order modified by deleting therefrom the second decretal paragraph, and by substituting in lieu thereof a provision that, as directed by the Court of

Appeals, this matter is set down for a hearing during the week of May 6, 1963, before the Justice then presiding at Special Term, Part I of the Supreme Court, Kings County. As so modified, the order, insofar as appealed from, is affirmed, without costs. On this record, we find no foundation whatsoever for the assertion that the Justice who entered the order under review could not conduct a fair hearing. Since the motion was referred to him when he was not sitting in Special Term, he was empowered to enter this order. However, under the literal terms of the remand of the Court of Appeals, the hearing he fixed must be held before the Justice presiding at Special Term. Accordingly, the matter is remitted to Special Term, Part I, for a hearing to be held by the Justice there presiding during the week of May 6, 1963. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.